# Exhibit 1

MICHAEL K. JEANES, CLERK
BY *K Kee*
DEP
FILED

08 SEP -9 PM 3: 57

1  Peter Strojnik, State bar No: 006464
2  THE LAW FIRM OF PETER STROJNIK
   3030 North Central Avenue, Suite 1401
3  Phoenix, Arizona 85012
   Telephone: 602-524-6602
4  Facsimile: 602-296-0135
   E-mail: *Strojnik@aol.com*
5  Website: Strojnik.com
6  Attorney for Plaintiff

7         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8              IN AND FOR THE COUNTY OF MARICOPA

9  CONSUMER PROTECTION          ) NO.    CV2008-021981
10 CORPORATION, an Arizona      )
   Corporation,                 )        CERTIFICATE OF ARBITRATION
11                              )
                                )
12                  Plaintiff,  )
                                )
13      vs.                     )
                                )
14 HOT STOCKS ON THE STREET, a  )
   fictitiously named defendant whose true legal )
15 identity is not known by Plaintiff; )
   PATHFINDER MARKETING, INC., a )
16 defendant whose true legal identity is not )
   known by Plaintiff; GEMINI MARKET )
17 NEWS, INC., a defendant whose true legal )
   identity is not known by Plaintiff; PLAYBOX )
18 (US), INC., a Nevada Corporation; )
19 DIGITALSPEED COMMUNICATIONS, a )
   Pennsylvania Corporation; INNOVATIVE )
20 COMMUNICATIONS, a Pennsylvania )
   Corporation; ADAM PASTERNACK a/k/a )
21 ADAM HARRIS PASTERNACK, an )
   individual; JANE DOE PASTERNACK, an )
22 individual; ABC DEFENDANTS 1-50, )
                                )
23                  Defendants. )
   ─────────────────────────────
24

25      The above cause is NOT subject to compulsory arbitration

                            -1-

RESPECTFULLY SUBMITTED this 6th day of September, 2008.


THE LAW FIRM OF PETER STROJNIK


By:  Peter Strojnik
Attorney for Plaintiff



1
2
3
4
5
6

Peter Strojnik, Esq. 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

MICHAEL K. JEANES
Clerk of the Superior Court

By KRISTY KEE, Deputy
Date 09/09/2008 Time 04:39 PM
Description    Qty    Amount
========  CASE# CV2008-021981 ========
CIVIL NEW COMPLAINT  001    245.00

TOTAL AMOUNT                245.00
        Receipt# 00010244426

7
8

**IN THE SUPERIOR COURT IN THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

9
10
11
12
13

CONSUMER PROTECTION
CORPORATION, an Arizona
Corporation,

Plaintiff,

vs.

14
15
16
17
18
19
20
21
22
23
24
25

HOT STOCKS ON THE STREET, a
fictitiously named defendant whose true
legal identity is not known by Plaintiff;
PATHFINDER MARKETING, INC., a
defendant whose true legal identity is not
known by Plaintiff; GEMINI MARKET
NEWS, INC., a defendant whose true legal
identity is not known by Plaintiff;
PLAYBOX (US), INC., a Nevada
Corporation; DIGITALSPEED
COMMUNICATIONS, a Pennsylvania
Corporation; INNOVATIVE
COMMUNICATIONS, a Pennsylvania
Corporation; ADAM PASTERNACK
a/k/a ADAM HARRIS PASTERNACK,
an individual; JANE DOE
PASTERNACK, an individual; ABC
DEFENDANTS 1-50,

Defendants.

) NO.     CV2008-021981
)
)
) **CLASS ACTION COMPLAINT FOR**
) **INJUNCTIVE RELIEF AND FOR**
) **DAMAGES ARISING OUT OF**
) **TRANSMISSION OF UNSOLICITED**
) **FAXES - 47 U.S.C. § 227 AND**
)
) **FOR DECLARATORY JUDGMENT; AND**
)
) **FOR CIVIL CONSPIRACY; AND**
)
) **FOR AIDING AND ABETTING**
)
) **REQUEST FOR TRIAL BY JURY**
)
)
)
)
)
)
)
)
)
)
)
)
)

-1-

Plaintiff alleges, on Plaintiff's behalf and on behalf of a class of persons defined below, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1) Plaintiff CONSUMER PROTECTION CORPORATION is an Arizona Professional Corporation authorized to and conducting business in Maricopa County, State of Arizona.

2) Defendant HOT STOCKS ON THE STREET is a fictitious entity whose name appears on the unsolicited faxes, Exhibits 1, (Exhibit 1 Fax or Unsolicited Fax) manipulating the publicly traded stocks of Defendant Playbox (US), Inc. ("Playbox").

3) Defendant PATHFINDER MARKETING, INC. is an entity and/or person whose name appears on the Exhibit 1 Fax ("Pathfinder"). Pathfinder's corporate status, state of incorporation or whether it is incorporated, or address/contact information is unknown to Plaintiff. On information and belief, Pathfinder is an associate, affiliate or related to Hot Stocks on the Street.

4) Defendant GEMINI MARKET NEWS, INC. is an entity and/or person whose name appears on the Exhibit 1 Fax ("Gemini"). Gemini's corporate status, state of incorporation or whether it is incorporated, or address/contact information is unknown to Plaintiff.

5) Defendant PLAYBOX (US), INC. is a Nevada corporation. Its stock trades publicly in the over the counter securities market in the United States under the symbol OTC BB: PYBX.OB ("PYBX").

6) Defendant DIGITALSPEED COMMUNICATIONS, INC. is a Pennsylvania corporation authorized to and conducting business in the State of Pennsylvania and across the United States of America, including the State of Arizona ("Digitalspeed").

-2-

7) Defendant INNOVATIVE COMMUNICATIONS, INC. is a Pennsylvania corporation authorized to and conducting business in the State of Pennsylvania and across the United States of America, including the State of Arizona ("Innovative").

8) Defendant ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK is an individual residing and conducting business in the State of Pennsylvania ("Pasternack"). Pasternack is the President of Digitalspeed and Innovative.

9) Defendant JANE DOE HATLEY is an individual residing in the State of Pennsylvania and is the wife of Pasternack.

10) ABC DEFENDANTS 1-50 are the persons and/or entities who broadcasted the unsolicited facsimile advertisements at issue and/or conspired with and aided and abetted the named defendants to illegally manipulate MDFI stock by issuing unsolicited faxes to Plaintiff and the members of the Class.

11) This Court has personal jurisdiction over Defendants by virtue of the following facts:

   a) Defendants caused at least one unsolicited fax to be sent to at least one recipient in the State of Arizona; and

   b) The State of Arizona has interest in providing a forum for its residents, including the Plaintiff and the Class identified herein; and

   c) It would be extremely burdensome for Plaintiff to access another forum; and

   d) Upon information and belief, Defendants continuously and systematically sent unsolicited faxes to the State of Arizona; and

   e) Defendants purposefully availed themselves of economic benefits and resources of the State of Arizona in conducting their business here; and

-3-

f)  Defendants may be hailed in court here under the liberal "effects" test in this tort action; and

g)  Defendants did and should have foreseen being hailed to Court in the State of Arizona.

12) This Court has original jurisdiction over this matter by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d) requiring minimum diversity and the amount in controversy exceeding 5 million dollars. Actual diversity exists between Plaintiff and Defendants.

13) The venue is proper in this Court pursuant to 28 U.S.C. §§1391 *et seq.*

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14) Plaintiff realleges all allegations heretofore set forth.

15) Playbox has an accumulated corporate deficit of $3,536,943.00 for the Quarterly period ending June 30, 2008.

16) Playbox admits in its Securities and Exchange Commission Filings that there is a substantial doubt that it can continue operations.

17) Defendants broadcasted the Exhibit 1 Fax to named Plaintiff and the members of the Class on or about May 28, 2008 in violation of the TCPA.  The Exhibit 1 Fax states on its face that Pathfinder was paid the sum of $200,000.00 for the broadcasting of the Exhibit 1 Fax. Upon information and belief, the cost for each fax to be sent is between 1 and 5 cents.  This means that Defendants broadcasted between 4 million and 20 million copies of the Exhibit 1 Fax.  Pursuant to the TCPA, Defendants are liable in statutory damages for the sum of $500 and $1,500 for each fax, for a total sum in this instance of between $2 billion and $30 billion.

-4-

18) Between the dates of May 28, 2008 and June 3, 2008, the price of PYBX per share rose from $1.06 to $1.73 – 67 cents ("Pump" Period).

19) Between the dates of June 3, 2008 and June 13, 2008, the price of PYBX per share fell from $1.73 to $1.00 – 73 cents ("Dump" Period).

20) The Pump Period and Dump Period of the PYBX stock were rises and falls that MDFI had not experienced since incorporation.

21) Pasternack has been cited by the Federal Communications Commission in the past for violation of the TCPA through the broadcasting of unsolicited facsimile advertisements, to wit: FCC Complaint Number EB-05-TC-020.

22) Pasternack is the president and Chief Executive Officer of Digitalspeed Communications.

23) Pasternack is the alter ego of Digitalspeed Communications.

24) Pasternack is the alter ego of Innovative Communications.

25) Upon information and belief, Pasternack has established a pattern, practice and habit of broadcasting unsolicited facsimile advertisements in violation of the TCPA.

26) On the Exhibit 1 Fax is a telephone number directing the received of said Exhibit 1 Fax to call it for removal of the receiver's fax number. That number is 877-234-9547 ("Removal Number").

27) The Removal Number has been issued to Digitalspeed.

28) On or about May 28, 2008, the same day the Pump Period began, Defendants sent the Exhibit 1 Fax to Plaintiff and the members of the Class, Exhibit 1, in violation of TCPA.

29) The purpose of the Exhibit 1 Fax was to manipulate PYBX stock in the securities market.

30) The House Report on the Securities Exchange Act, H.R. Rep. No. 1383, 73d Cong., 2d Sess., pp. 10, 11 (1934) gives evidence of Congress' concern regarding the manipulation of the securities market:

> "To insure to the multitude of investors the maintenance of fair and honest markets, manipulative practices of all kinds on national exchanges are banned. The bill seeks to give investors markets where prices may be established by the free and honest balancing of investment demand with investment supply."
>
> ***
>
> "The idea of a free and open public market is built upon the theory that competing judgments of buyers and sellers as to the fair price of the security brings about a situation where the market price reflects as nearly as possible a just price."

31) Senate Report No. 1455, 73d Cong., 2d Sess., p. 81 (1934), similarly states:

> "The purpose of the Act is . . . to purge the securities exchanges of those practices which have prevented them from fulfilling their primary function of furnishing open markets for securities where supply and demand may freely meet at prices uninfluenced by manipulation or control."

32) On information and belief, there are currently and approximately 32 million outstanding shares of PYBX.

33) On information and belief, approximately 19 million of the outstanding shares of PYBX are owned by insiders and employees of Playbox.

34) The broadcasting of the Exhibit 1 Fax manipulated PYBX stock, to wit: The first day of the Pump Period was the day Plaintiff received the Exhibit 1 Fax.

35) Playbox and Defendants were aware of the market manipulation of the PYBX stock.

36) Defendants, their co-conspirators, aiders and abettors, caused to be transmitted the Exhibit 1 Fax in order to manipulate the PYBX stock as to both value and volume.

37) Defendants took advantage of the market manipulation.

-6-

38) Playbox's officers, directors and insiders who were aware of the market manipulation and those who took advantage of it, had a duty to disclose the market manipulation to the securities market.

39) Plaintiff has identified two classes of stock manipulators who benefit by the illegal stock manipulation through Unsolicited Fax broadcasts in issue here:

  a) The Company whose stock is being promoted by the Exhibit 1 Fax. In the matter at hand, this class of beneficiaries consists of Playbox; and/or

  b) The insiders and or shareholders of the company whose stock is being promoted by the Exhibit 1 Fax. In the matter at hand, this class of beneficiaries consists of Playbox's insiders, officers, directors and/or shareholders.

40) Upon information and belief, Playbox, Playbox's officers, directors and insiders provided advice and encouragement with respect to the transmission of the Exhibit 1 Fax.

41) Upon information and belief, Playbox and Playbox's officers, directors and insiders assisted and/or participated with respect to the transmission of the Unsolicited Faxes.

42) Defendants' market manipulation scheme was not disclosed to the investors and the potential investors through a disclosure form 8-K or otherwise.

## CLASS ACTION ALLEGATIONS

43) Plaintiff realleges all allegations heretofore set forth.

44) This is a proposed class action suit brought on behalf of Plaintiff and on behalf of other persons and entities who received an unsolicited fax advertisement to their telephone facsimile machine by Defendants.

-7-

45) Plaintiff claims and alleges that Defendants' use of the telephone facsimile machine, computer, or other device to send an unsolicited facsimile advertisement to a telephone facsimile line violates the TCPA. This cause of action is specifically authorized pursuant to Arizona Revised Statutes § 44-1482(C).

46) Plaintiff brings this action in Plaintiff's individual capacity as well as on behalf of a class of persons and entities similarly situated (the "Class").

47) Plaintiff operates a business located in Phoenix, Maricopa County, State of Arizona, and receives and has received unsolicited faxes that cause it damages due to the loss of its paper and toner, the temporary loss of use of its facsimile machine and computer, the potential loss of business, and a violation of its right to privacy.

48) As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class suffered damages due to the loss of paper and toner, the temporary loss of use of their facsimile machine and the potential loss of business while their facsimile machines were receiving the Exhibit 1 Fax.

49) This Class Action is brought and may be maintained pursuant to Rule 23, Arizona Rules of Civil Procedure. Plaintiff seeks to represent a Class comprised of:

> All persons who received an unsolicited advertisement promoting
> Playbox (US), Inc. or PYBX stock via unsolicited facsimiles

50) This action is properly brought as a class action pursuant to Rule 23, A.R.C.P., for the following reasons:

   a) The Exhibit 1 Fax states on its face that Pathfinder was paid the sum of $200,000.00 for its service of broadcasting the Exhibit 1 Fax. Upon information and belief, a fax

-8-

distribution firm sends out a fax at a cost of between 1 and 5 cents per fax. This means that Defendants sent out between 4 million and 20 million Unsolicited Faxes.

b) The class is so numerous that joinder of all members is impracticable; and

c) There are questions of law or fact common to the class, to wit:

    i) Whether Defendants violate the TCPA when sending the Exhibit 1 Fax; and

    ii) Whether the facsimiles that are the same or similar to the Exhibit 1 Fax constitute "unsolicited advertisements" under TCPA; and

    iii) Whether Plaintiff and the members of the Class are entitled to damages under the TCPA; and

    iv) Whether Plaintiff and the members of the Class are entitled to treble damages under the TCPA; and

    v) Whether Plaintiff and the members of the Class are entitled to injunctive relief under the TCPA; and

    vi) Whether Plaintiff and the members of the Class are entitled to declaratory relief.

d) The claims or defenses of the representative parties are typical of the claims or defenses of the Class because all members of the Class received the same Unsolicited Fax; and

e) The named Plaintiff will fairly and adequately protect the interests of the class because:

    i) Plaintiff seeks no relief that is antagonistic to the other members of the Class; and

    ii) Plaintiff has no established business relationship with any Defendant or any potential additional Defendant; and

    iii) Plaintiff shall vigorously pursue the claims of the Class; and

iv) Plaintiff has retained counsel with 28 years of experience in litigation matters and competent in representing the interests of the Class; and

v) Plaintiff's counsel has expended significant efforts in this matter and is learned in tracking down the sources of Unsolicited Faxes.

f) A Rule 23 Class Action is superior to any other available means for the adjudication of this controversy in the following particulars:

i) This action will cause an orderly and expeditious administration of the Class's claims; and

ii) The economies of time, effort and expense will be fostered; and

iii) Uniformity of decisions will be ensured at the lowest costs and with the least expenditures of judicial resources.

g) Because of the size of the Class, the expense and burden of individual litigation makes it impractical for the individual members of the Class to individually seek redress for the wrongs done to them. Plaintiff believes that the members of the Class, to the extent they are aware of their rights against Defendants, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for the members of the Class. Furthermore, without a class action, the members of the Class will continue to suffer damages and Defendants will continue to violate federal law, retaining and reaping the proceeds of their wrongful marketing practices.

h) Plaintiff does not anticipate any difficulty in management of this action because the evidence proving Defendants' violations of the TCPA is ascertainable through discovery. The identities of the members of the Class are known to Defendants, and damages can be calculated from Defendants' records. This action poses no unusual difficulties that would impede its management by the Court as a Class action.

## COUNT ONE
(Violation of the Telephone Consumer Protection Act)
(47 U.S.C. § 227 *et seq*)

51) Plaintiff realleges all allegations heretofore set forth.

52) Defendants violated the Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227 *et seq.* case ("TCPA") by broadcasting the Exhibit 1 Fax to Plaintiff and the Class.

53) Defendants and/or their agents used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to telephone facsimile machines to Plaintiff and the members of the Class.

54) On information and belief, in each instance Defendants transmitted or caused to be transmitted unsolicited faxes to telephone machines themselves, or had a high degree of involvement in the transmission of the unsolicited faxes to telephone facsimile machines. For example:

a) Defendants knew that the transmitted faxes were advertisements;

b) Defendants participated in the preparation of their content;

c) Defendants provided or obtained the fax telephone numbers of Plaintiff and the members of the Class;

d) Defendants and members of the Class have no established business relationship;

e) Defendants compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or

f) Defendants knew that Plaintiff and the members of the Class had not authorized the faxes' transmission by prior express invitation or permission.

55) As a direct and proximate result of said conduct, Plaintiff and members of the Class have sustained damages. Under the TCPA, Plaintiff and each member of the Class are entitled to injunctive and declaratory relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages.

56) As a result of said conduct, Plaintiff and members of the Class suffered property damage, and Defendant has invaded their privacy.

**COUNT TWO**
(Declaratory Judgment)

57) Plaintiff realleges all allegations heretofore set forth.

58) This count is brought pursuant to the Arizona version of the Uniform Declaratory Judgment Act, A.R.S. § 13-1821 *et seq* and the Federal Declaratory Judgment Act 28 U.S.C. § 2201 *et seq*.

59) A justiciable controversy exists between Plaintiff and the members of the Class and Defendants regarding the legality of Defendants' unsolicited fax transmissions.

60) Defendants claim, or may claim, that their conduct in sending unsolicited fax transmissions does not violate the TCPA.

61) Defendants claim, or may claim, that they obtained express invitation or consent to send the faxes to Plaintiff and the members of the Class.

62) Defendants claim, or may claim, that they enjoyed an established business relationship with Plaintiff and the members of the Class.

63) Plaintiff claims that Defendants' practices violate the TCPA.

## COUNT THREE
(Civil Conspiracy)

64) Plaintiff realleges all allegations heretofore set forth.

65) Defendants agreed among themselves to engage in a course of conduct involving a violation of 47 U.S.C. § 227.

66) Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to named Plaintiff and the members of the Class.

67) Named Plaintiff and the members of the Class have been damaged by acts committed by Defendants pursuant to the civil conspiracy above.

68) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the named Plaintiffs and the members of the Class, entitling named Plaintiff and the members of the Class to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

## COUNT FOUR
(Aiding and Abetting)

69) Plaintiff realleges all allegations heretofore set forth.

70) Defendants aided and abetted one another as follows:

-13-

a)  The sender of the Exhibit 1 Fax committed a violation of the TCPA; and

b)  Defendants knew that the sender of the Exhibit 1 Fax violated the TCPA; and

c)  Defendants substantially assisted or encouraged the sender of the Exhibit 1 Fax in the following non-exclusive actions:

   i)  They provided the information contained in the Exhibit 1 Fax; and

   ii)  They provided the opportunity to the sender of the Exhibit 1 Fax to violate the TCPA; and

   iii)  They sought the benefits of the Exhibit 1 Fax; and

   iv)  They accepted the benefits of the Exhibit 1 Fax.

71) Named Plaintiff and the Class have been harmed by Defendants' aiding and abetting.

72) Defendants are responsible to named Plaintiff and the Class as aiders and abettors for the same amount of damages as the principal violators of the TCPA.

73) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of named Plaintiff and the members of the Class, entitling named Plaintiff and the members of the Class to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no even less than $5,000,000.00 each.

## REQUEST FOR TRIAL BY JURY

74) Plaintiff requests a trial by a jury on all issues triable by a jury.

## RELIEF SOUGHT

Plaintiff prays for relief as follows:

-14-

a) For Certification of the Class pursuant to Rule 23 of the Arizona Rules of Civil Procedure; and

b) For extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to send unsolicited faxes; and

c) For judgment in the amount of $500.00 for each member of the Class for incidental statutory damages for each individual unsolicited fax received from Defendants; and

d) For judgment in the amount equal to three times the damages to Plaintiff and each member of the Class under the TCPA, to wit, $1,500.00 for each member of the Class; and

e) For a declaration that Defendants have violated the TCPA because they failed to obtain express invitation or consent to send the subject facsimiles to Plaintiff or the Class; and

f) For a declaration that Defendants violated the TCPA because they did not enjoy an established business relationship with Plaintiff or the members of the Class; and

g) For judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provide by law; and

h) For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 6th day of September, 2008.

THE LAW FIRM OF PETER STROJNIK

By: Peter Strojnik
Attorney for the Plaintiff

-15-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT 1**

# HOT STOCKS ON THE STREET

**Volume 3, Issue 211**                                      **May 2008**

## A PROFIT PARTY LIKE IT'S 1999

### Internet Stocks Are Rockin' Again… Profits Are Flying 209% and Beyond… One Under-Priced Company, Playbox (PYBX), Could Be The Best Of Them

PlayBOX (US) Inc. (OTCBB: PYBX), announced it has signed a formal Share Purchase Agreement to purchase 100% of the issued capital of Delta Leisure Group Plc ("Delta"), an established record company with an extensive catalogue of major music CD's, DVD's and videos throughout the UK and Europe.

Look, you don't need us, or the Wall Street Journal, The Motley Fools, or The Daily Reckoning to let you in on the fact that Internet stocks are smoking hot again… ripping through the roof hot.

But, where to find a company that you could take for the full ride… now, that's an issue! After all, how much more can be squeezed out of hotties such as Google, Yahoo, Amazon, Miva and the likes?

Where is the company that could fly from $1.30 to $13… one of those come-out-of-nowhere stocks that shoots 1,000% in under a year?

Well, take a look at **Playbox Inc. (PYBX)** on the OTCBB. Chances are, when you do, you'll see a small company that's already generating a lot of buzz in Internet investment circles.

And yes, **Playbox** is a bit of a speculation – just as Apple, Google and Amazon were a few years ago. So, even though it trades around $1, don't mortgage your future on it – anyway you don't have to… at this price, a few hundred shares could yield a tasty gain… just as they could have if you'd been early into today's huge Internet companies.

And, you're likely going want to grab a stake in Playbox, because its business is in the Internet's sweet spot

– online music sales. It's the same sector that generated about $350 million in sales for Warner Music last year and an astounding $570 million (more than a half a billion dollars) for Apple Inc.'s iTunes last year.

So, there's a ton of money on the table right now with online music sales. It's a sector that's rapidly expanding. And, **Playbox** may have found the perfect niche.

Better still, while **Playbox** is a young company it is led by a recording industry veteran. A man with 30 years experience in the rough and tumble game. **A man who ran the Commercial Division at recording industry goliath BMG Music… which generates 40% of BMG's sales.**

But, unlike managing the catalogues of Elvis Presley and Annie Lennox… at **Playbox** he aims the business at independent record labels and bands with small or no recording contracts. And, don't think for a second that a band without a record label can't sell its music.

Look around your own city or town. There are likely a bunch of great bands from jazz to rock to country with loyal regional followings that the big record companies just ignore. Yet, these bands eek out a living selling their own CD's at shows and on the websites via downloads.

What these artists lack is marketing muscle… someone to manage their copyrights online (and that's huge)… and a way to sell their music across the globe. And, this is where **Playbox** comes

### Playbox (US) Inc.
### Symbol: PYBX

Website: www.play-box.com
Rating: Strong Buy
Sector: Internet music sales
Shares outstanding: 28,845,139
Current price: $1.25
**Target price: $4.75**

in.

It's a US listed company that is acquiring an established presence in England. It compiles and manages record companies' entire inventories (its library) as well a doing the same for individual emerging artists.

**Playbox** then earns a piece of everything it sells.

Artists and labels don't mind **Playbox** taking it profit, because it comes on sales that these smaller labels and emerging artists would never have had if it weren't for **Playbox**.

So, Playbox's potential is unlimited. Especially when you think about the history of online music sales – make that very brief history.

Because, think about, five years ago, who was buying music on line… just about no one… the sector just came out of nowhere… now it's a fast-growing sector that generates billions in revenues each year.

That's why you need to take a position in Playbox Inc. (PYBX) today, because there's no telling how massive the online music industry will grow in the next fives year. And, you don't want to miss out on that.

To be removed from "Hot Stocks on the Street" please call our toll-free service at 1-877-234-9547

Hot Stocks on the Street, which is distributed by Pathfinder Marketing Inc. (Pathfinder), provides financial and general public relations services for small and micro-cap companies. Information concerning the subjects of this report was gathered from sources generally deemed reliable, and may include information publicly disclosed by the subject or information provided by shareholders, consultants and others, some of which they may have obtained directly from the subject by reason of their relationship therewith. The information contained herein is not guaranteed to be accurate and should not be considered all inclusive. Pathfinder is not a securities broker, investment advisor or financial analyst. The securities discussed herein are for high risk individuals only and not the general public. All material is for informational purposes only and should not be construed as an offer or solicitation to buy or sell securities. You should seek professional advice from a registered financial adviser before you do anything related with buying or selling stocks. Readers are cautioned not to place reliance on forward looking statements that suggest future results since they are based on assumptions and expectations that involve risks and uncertainties. A company's actual results could differ materially from those described in any forward looking statements. Pathfinder was paid $200,000 for the distribution of this report. These fees were paid by Gemini Market News, Inc., who paid the fees on behalf of certain shareholders of the subject companies. Pathfinder owns no shares in the above profiled company and has been compensated in cash only. Gemini Market News, Inc.'s affiliates, officers, directors or employees may own shares of the companies described herein and in that event intend to sell said shares.

**CLERK OF THE COURT**
**SUPERIOR COURT OF ARIZONA**

MICHAEL K. JEANES. CLERK
BY _KKee_ . DEP
FILED
'08 SEP -9 PM 4: 48

Michael K. Jeanes
Clerk

**MARICOPA COUNTY**
**201 West Jefferson**
**Phoenix, Arizona 85003**

RE: MARICOPA COUNTY SUPERIOR COURT CASE # CV2008-021681

DATE: 09/09/08

TO:     PETER STROJNIK
        3030 N CENTRAL AVE STE 1401
        PHOENIX, AZ 85012

RE:     CONSUMER PROTECTION CORP
        VS
        HOT STOCKS ON THE STREET

Due to a clerical error, the above referenced case number was incorrect.  To correct this error, your case has been assigned a new number: **CV2008-021981**.  Please correct your records to reflect the change and file any future documents under the new case number.

Thank you for your understanding in this matter.

Sincerely,
Michael K Jeanes, Clerk

By: K. KEE, Deputy Clerk

The foregoing mailed to the above addressee on this 02 day of JULY. 2008.

cc: Court Administration

*Visit us at our website:  www.clerkofcourt.maricopa.gov*

Peter Strojnik, State bar No: 006464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Website: Strojnik.com
Attorney for Plaintiff

MICHAEL JEANES, CLERK
BY *Z. Escalante* DEP

FILED

08 OCT 16  AM 10: 44

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HOT STOCKS ON THE STREET, a fictiously named defendant whose true legal identity is not known by Plaintiff; PATHFINDER MARKETING, INC., a defendant whose true legal identity is not known by Plaintiff; GEMINI MARKET NEWS, INC., a defendant whose true legal identity is not known by Plaintiff; PLAYBOX (US), INC., a Nevada Corporation; DIGITALSPEED COMMUNICATIONS, a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; ABC DEFENDANTS 1-50,<br><br>Defendants. | NO. CV2008-021981<br><br>**NOTICE OF DEFAULT**<br><br>**(Playbox (US), Inc.)**<br><br>**[A.R.C.P. 55(a)]**<br><br>**(PA Honorable Thomas Dunevant, III)** |

Defendant Playbox (US), Inc. has failed to appear or otherwise defend within the statutory period. Therefore, pursuant to Rule 55 (a), Ariz. R. Civ. P., Plaintiff gives notice as follows:

-1-

1. None of the defendants are infants or incompetent persons.

2. Defendant Playbox (US), Inc. has been served via Certified Return Receipt mail pursuant to A.R.C.P. § 4.2(h) – Affidavit of Service attesting to said fact is being concurrently filed herewith.

3. The Damages sought in the Complaint is not for a sum certain and therefore cannot be stated with particularity. However, punitive damages are being sought for the sum of $5,000,000.00 and statutory damages for the sum of $1,500.00 per proposed class member is being sought.

RESPECTFULLY SUBMITTED THIS 16th day of October, 2008

PETER STROJNIK, P.C.

Peter Strojnik
Attorney for Plaintiff

The original of the foregoing filed
This 16th day of October, 2008 with the
Clerk of the Superior Court with copies to:

Playbox (US), Inc.
C/o Its Registered Agent CSC Services of Nevada, Inc.
502 East John Street
Carson City, Nevada 89706

The Honorable Thomas Dunevant, III
Judge of the Superior Court
201 West Jefferson
Phoenix, Arizona 85003

-2-

MICHAEL JEANES. CLERK
BY *Y. Escalante* DEP

FILED

08 OCT 16  AM 10: 43

Peter Strojnik, State bar No: 006464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Website: Strojnik.com
Attorney for Plaintiff

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HOT STOCKS ON THE STREET, a fictitiously named defendant whose true legal identity is not known by Plaintiff; PATHFINDER MARKETING, INC., a defendant whose true legal identity is not known by Plaintiff; GEMINI MARKET NEWS, INC., a defendant whose true legal identity is not known by Plaintiff; PLAYBOX (US), INC., a Nevada Corporation; DIGITALSPEED COMMUNICATIONS, a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; ABC DEFENDANTS 1-50, <br><br> Defendants. | NO. CV2008-021981 <br><br> **DECLARATION OF SERVICE OF SERVICE BY MAIL** <br><br> **(Playbox (US), Inc.)** <br><br> **[A.R.C.P. 4.2(h)]** |

The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of the State of Arizona:

-1-

1. My name is Peter Strojnik. I have personal knowledge of all statements made herein.

2. Defendant Playbox (US), Inc. is known to be located outside of the State of Arizona.

3. The summons and a copy of the Complaint, Civil Cover sheet and Certificate of Arbitration were dispatched to Defendant Playbox (US), Inc. care of its Registered Agent via United States Mail Certified Return Receipt.

4. Such papers were in fact received by Defendant Playbox (US), Inc. care of its Registered Agent on September 12, 2008 as evidence by the signed return receipt (Exhibit 1).

5. The date of receipt by the party being served and the date of return of the receipt to the sender is September 12, 2008 and September 15, 2008.

RESPECTFULLY SUBMITTED THIS 16th day of October, 2008

**PETER STROJNIK, P.C.**

Peter Strojnik
Attorney for Plaintiff

The original of the foregoing mailed
This 16th day of October, 2008 to the
Clerk of the Superior Court with copies to:

Playbox (US), Inc.
C/o Its Registered Agent CSC Services of Nevada, Inc.
502 East John Street
Carson City, Nevada 89706

The Honorable Thomas Dunevant, III
Judge of the Superior Court
201 West Jefferson
Phoenix, Arizona 85003

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT 1

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
   ☐ Addressee

B. Received by ( *Printed Name* )      C. Date of Delivery
   CYNDY WOODGATE

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

PLaybox(US) Inc.
C/o its statutory agent
CSC Services of Nevada, Inc.
502 E. John St.
Carson City, NV 89704

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7008 0500 0001 9185 1210

PS Form 3811, February 2004      Domestic Return Receipt    102595-02-M-1540

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED

08 NOV -4 PM 1: 29

1   Troy A. Wallin, Esq. (No. 023522)
2   Jason P. Thayn, Esq. (No. 024572)
    WALLIN HARRISON PLC
3   1425 South Higley Road, Suite 104
    Gilbert, Arizona 85296
4   Telephone: (480) 240-4150
    Facsimile: (480) 240-4151
5
6   *Attorneys for Defendant PlayBOX (US), Inc.*

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8               **IN AND FOR THE COUNTY OF MARICOPA**

9

10  CONSUMER PROTECTION            Case No. CV2008-021981
    CORPORATION, an Arizona
11  Corporation,

12          Plaintiff,             **CERTIFICATE OF AGREEMENT**

13  v.

14

15  HOT STOCKS ON THE STREET, a    *(Assigned to the Honorable Thomas*
    fictitiously named defendant whose true   *Dunevant, III)*
16  legal identity is not known by Plaintiff;
    PATHFINDER MARKETING, INC., a
17  defendant whose true legal identity is not
    known by Plaintiff; GEMINI MARKET
18  NEWS, INC., a defendant whose true legal
    identity is not known by Plaintiff;
19  PLAYBOX (US), INC., a Nevada
    Corporation; DIGITALSPEED
20  COMMUNICATIONS, a Pennsylvania
    Corporation; INNOVATIVE
21  COMMUNICATIONS, a Pennsylvania
    Corporation; ADAM PASTERNACK
22  a/k/a ADAM HARRIS PASTERNACK,
    an individual; JANE DOE
23  PASTERNACK, an individual; ABC
    DEFENDANTS 1-50,
24
25          Defendants.
26
27
28

1

2        Defendant PlayBOX (US), Inc., through counsel undersigned, currently lacks

3    sufficient information to controvert Plaintiff's avowals and therefore hereby certifies

4    agreement with Plaintiff's Certificate of Compulsory Arbitration.

5        DATED this 4TH day of November, 2008.

6

7        WALLIN HARRISON PLC

8

9

10   By: _____

11       Troy A. Wallin, Esq.
         Jason P. Thayn, Esq.
         *Attorneys for Defendant PlayBOX (US), Inc.*

12

13   ORIGINAL FILED and COPY of the foregoing
     mailed this 4th day of November, 2008, to:

14

15   The Honorable Thomas Dunevant, III
     JUDGE OF THE SUPERIOR COURT

16   101 W. Jefferson
     Phoenix, Arizona 85003-2243

17

18   Peter Strojnik, Esq.
     The Law Firm of Peter Strojnik

19   3030 North Central Avenue, Suite 1401
     Phoenix, Arizona 85012

20   *Attorney for the Plaintiff*

21

22   By _____

23   G:\P\Playbox (US) Inc. (3419)\adv. Consumer Protection Corporation\Pleadings\Certificate of Agreement.docx

24

25

26

27

28
                                              2

WALLIN HARRISON PLC
1425 South Higley Road Suite 104 Gilbert Arizona 85296

1  Troy A. Wallin, Esq. (No. 023522)
2  Jason P. Thayn, Esq. (No. 024572)
   WALLIN HARRISON PLC
3  1425 South Higley Road, Suite 104
   Gilbert, Arizona 85296
4  Telephone: (480) 240-4150
   Facsimile: (480) 240-4151
5
6  *Attorneys for Defendant PlayBOX (US), Inc.*

MICHAEL K. JEANES
Clerk of the Superior Court

By ANA-MARIE JAMES, Deputy
Date 11/04/2008 Time 01:27 PM
Description    Qty       Amount
---------    CASE# CV2008-021981 ---------
CIVIL SEPARATE ANS    001      223.00

TOTAL AMOUNT                   223.00
       Receipt# 00010395516

7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10  CONSUMER PROTECTION              Case No. CV2008-021981
    CORPORATION, an Arizona
11  Corporation,
12                  Plaintiff,        **DEFENDANT PLAYBOX (US), INC.'S**
13                                    **ANSWER**
    v.
14
15  HOT STOCKS ON THE STREET, a
    fictitiously named defendant whose true    *(Assigned to the Honorable Thomas*
16  legal identity is not known by Plaintiff;   *Dunevant, III)*
    PATHFINDER MARKETING, INC., a
17  defendant whose true legal identity is not
    known by Plaintiff; GEMINI MARKET
18  NEWS, INC., a defendant whose true legal
    identity is not known by Plaintiff;
19  PLAYBOX (US), INC., a Nevada
    Corporation; DIGITALSPEED
20  COMMUNICATIONS, a Pennsylvania
21  Corporation; INNOVATIVE
    COMMUNICATIONS, a Pennsylvania
22  Corporation; ADAM PASTERNACK
23  a/k/a ADAM HARRIS PASTERNACK,
    an individual; JANE DOE
24  PASTERNACK, an individual; ABC
25  DEFENDANTS 1-50,
26                  Defendants.
27
28

Defendant PlayBOX (US), Inc. ("Defendant") answers Plaintiff's Complaint as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      In response to the allegations of Paragraphs 1, 2, 3, and 4, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, denies each of the allegations.

2.      Defendant admits the allegations of Paragraph 5.

3.      In response to the allegations of Paragraphs 6, 7, 8, 9, and 10, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, denies each of the allegations.

4.      Defendant denies the allegations of Paragraph 11.

5.      In response to the allegations of Paragraph 12, Defendant denies that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) as this matter is not being brought in Federal District Court.

6.      In response to the allegations of Paragraph 13, Defendant denies that this Court is the proper venue pursuant to 28 U.S.C. §§ 1391 *et seq.* as this matter is not being brought in Federal District Court.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

7.      In response to the allegations of Paragraph 14, Defendant hereby reasserts and incorporate its responses to Paragraphs 1-13 above as if fully set forth herein.

8.      Defendant denies the allegations of Paragraph 15.

///

2

9.    In response to the allegations of Paragraph 16, Defendant states that to the extent such Securities and Exchange Commission Filings exist they speak for themselves. Defendant denies any remaining allegations not specifically admitted herein.

10.    Defendant denies the allegations of Paragraph 17.

11.    In response to the allegations of Paragraphs 18, 19 and 20, Defendant states that the historical stock price of PYBX speaks for itself. Defendant denies any remaining allegations not specifically admitted herein.

12.    In response to the allegations of Paragraphs 21, 22, 23 and 24, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, denies each of the allegations.

13.    In response to the allegations of Paragraph 25, Defendant states that the allegations are not directed at this Defendant. To the extent Plaintiff argues otherwise, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies all such allegations.

14.    In response to the allegations of Paragraph 26, Defendant states that the Exhibit 1 Fax speaks for itself. Defendant denies any remaining allegations not specifically admitted herein.

15.    In response to the allegations of Paragraph 27, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, denies each of the allegations.

16.    Defendant denies the allegations of Paragraphs 28 and 29.

3

17.    In response to Paragraphs 30 and 31, Defendant states that these Paragraphs do not contain allegations directed at this Defendant. To the extent Plaintiff argues otherwise, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies all such allegations.

18.    Defendant denies the allegations of Paragraphs 32 and 33.

19.    In response to the allegations of Paragraph 34, Defendant states that the historical stock price of PYBX and the Exhibit 1 Fax speak for themselves. Defendant denies any remaining allegations not specifically admitted herein.

20.    Defendant denies the allegations of Paragraphs 35, 36 and 37.

21.    In response to the allegations of Paragraph 38, Defendant denies that any of its officers or directors were aware of the alleged "market manipulation." With regard to the remaining allegations in Paragraph 38, Defendant states that the allegations are not directed at this Defendant. To the extent Plaintiffs argue otherwise, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies all such allegations.

22.    In response to the allegations of Paragraph 39, Defendant denies that it was a "stock manipulator" or that it benefited from the alleged "illegal stock manipulation." With regard to the remaining allegations in Paragraph 39, Defendant states that the allegations are not directed at this Defendant. To the extent Plaintiffs argue otherwise, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies all such allegations.

23.    Defendant denies the allegations of Paragraphs 40 and 41.

4

24.    In response to the allegations of Paragraph 42, Defendant denies that it was involved in the alleged "market manipulation scheme." Defendant denies any remaining allegations not specifically admitted herein.

## CLASS ACTION ALLEGATIONS

25.    In response to the allegations of Paragraph 43, Defendant hereby reasserts and incorporate its responses to Paragraphs 1-42 above as if fully set forth herein.

26.    In response to the allegations of Paragraphs 44 and 45, Defendant denies that it sent the alleged unsolicited facsimile advertisement. With regard to the remaining allegations in Paragraphs 44 and 45, Defendant states that the allegations are not directed at this Defendant. To the extent Plaintiffs argue otherwise, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies all such allegations.

27.    In response to the allegations of Paragraph 46, Defendant states that the allegations are not directed at this Defendant. To the extent Plaintiff argues otherwise, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies all such allegations.

28.    In response to the allegations of Paragraph 47, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, denies each of the allegations.

29.    Defendant denies the allegations of Paragraph 48.

30.    In response to the allegations of Paragraphs 49 and 50, Defendant states that the allegations are not directed at this Defendant. To the extent Plaintiff argues otherwise,

WALLIN HARRISON PLC
1425 South Higley Road Suite 104 Gilbert Arizona 85296

5

1    Defendant states that it lacks sufficient information to form a belief as to the truth of the

2    allegations and, therefore, denies all such allegations.

3

**COUNT ONE**
4    (Violation of Telephone Consumer Protection Act)
(47 U.S.C. § 227 *et seq.*)
5

6       31.    In response to the allegations of Paragraph 51, Defendant hereby reasserts

7    and incorporate its responses to Paragraphs 1-50 above as if fully set forth herein.

8
9       32.    Defendant denies the allegations of Paragraphs 52, 53, 54, 55 and 56.

10                **COUNT TWO**
(Declaratory Judgment)
11

12      33.    In response to the allegations of Paragraph 57, Defendant hereby reasserts

13   and incorporate its responses to Paragraphs 1-56 above as if fully set forth herein.

14      34.    In response to Paragraph 58, Defendant states that this Paragraph does not

15   contain allegations directed at this Defendant. To the extent Plaintiff argues otherwise,

16
17   Defendant states that it lacks sufficient information to form a belief as to the truth of the

18   allegations and, therefore, denies all such allegations.

19      35.    Defendant denies the allegations of Paragraph 59.

20      36.    In response to Paragraphs 60, 61, 62 and 63, Defendant admits that it is its

21
22   position that it did not violate the TCPA. Defendant denies any remaining allegations not

23   specifically admitted herein.

24                **COUNT THREE**
(Civil Conspiracy)
25

26      37.    In response to the allegations of Paragraph 64, Defendant hereby reasserts

27   and incorporate its responses to Paragraphs 1-63 above as if fully set forth herein.

28

6

WALLIN HARRISON PLC
1425 South Higley Road Suite 104 Gilbert Arizona 85296

38.    Defendant denies the allegations of Paragraphs 65, 66, 67 and 68.

## COUNT FOUR
### (Aiding and Abetting)

39.    In response to the allegations of Paragraph 69, Defendant hereby reasserts and incorporate its responses to Paragraphs 1-68 above as if fully set forth herein.

40.    Defendant denies the allegations of Paragraphs 70, 71, 72 and 73.

41.    Defendant admits the allegations of Paragraph 74.

42.    Denies each and every allegation in Plaintiff's Complaint, and all counts therein, not specifically admitted herein.

## AFFIRMATIVE DEFENSES

43.    Plaintiff's Complaint fails to state a claim upon which relief can be granted as to this Defendant.

44.    Allege that Plaintiff's damages, if any, were caused by a non-party at fault, which Defendant expects to identify during the course of discovery.

45.    Alleges that he Maricopa County Superior Court lacks personal and subject matter jurisdiction over this Defendant and over this alleged dispute. Further alleges that the Maricopa County Superior Court is not the proper venue.

46.    Defendants reserve the right to file a counterclaim and/or a third-party complaint, based on the discovery of evidence that Defendant expects to obtain in this matter.

47.    Defendant hereby incorporates and asserts all affirmative defenses set forth in Rule 8, Arizona Rules of Civil Procedure, as well as any other affirmative legal defense of

7

1   matter of avoidance, that may be revealed during discovery and future proceedings in this

2   case.

3           WHEREFORE, Defendant requests that Plaintiffs' Complaint be dismissed; that

4
5   Plaintiff take nothing thereby; that Defendant receive an award of its taxable costs incurred

6   herein; and that Defendant receive any other and further relief this Court deems just and

7   proper under the circumstances.

8           DATED this _4th_ day of November, 2008.

9
10                                  WALLIN HARRISON PLC

11
12                          By: _____

13                              Troy A. Wallin, Esq.
                                Jason P. Thayn, Esq.
14                              *Attorneys for Defendant PlayBOX (US), Inc.*

15
16  ORIGINAL FILED and COPY of the foregoing
    mailed this _4th_ day of November, 2008, to:
17

18  The Honorable Thomas Dunevant, III
    JUDGE OF THE SUPERIOR COURT
19  101 W. Jefferson
    Phoenix, Arizona 85003-2243
20

21  Peter Strojnik, Esq.
    The Law Firm of Peter Strojnik
22  3030 North Central Avenue, Suite 1401
    Phoenix, Arizona 85012
23  *Attorney for the Plaintiff*

24

25  By _____

26  G:\P\Playbox (US) Inc. (3419)\adv. Consumer Protection Corporation\Pleadings\Answer.docx

27

28
                                        8

WALLIN HARRISON PLC
1425 South Higley Road Suite 104 Gilbert Arizona 85296