Jason S. Vanacour (#022738)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6369
Facsimile: (602) 382-6070
jvanacour@swlaw.com
Attorney for Jane Doe Pasternack
aka Alla Pasternack

FOR UNITED STATES DISTRICT COURT

THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>HOT STOCKS ON THE STREET, et *al.*<br><br>Defendants. | No. CV-08-2211-PHX-MHM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ALLA PASTERNACK'S MOTION TO DISMISS**<br><br>**(oral argument requested)** |

Defendant Alla Pasternack ("Defendant Pasternack" or "Ms. Pasternack") submits this memorandum of law in support of her motion, pursuant to Federal Rules 8(a), 12(b)(2), and 12(b)(6), to dismiss Plaintiff Consumer Protection Corp.'s ("CPC") Complaint. This Court lacks jurisdiction over Defendants, Plaintiff's Complaint is deficient under Rule 8(a) as established by the Supreme Court in *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007), Plaintiff fails to adequately allege a violation of the Telephone Consumer Protection Act, and Plaintiff's Complaint on its face demonstrates that a class action cannot be sustained as pled because Plaintiff and its counsel cannot fairly and adequately represent the members of the class.

**I.    INTRODUCTION**

This action is one of a half-dozen virtually identical cases brought by Peter Strojnick, P.C. and/or the Consumer Protection Corporation ("CPC"), a company incorporated earlier this year by Peter Strojik, counsel for Plaintiff in this case. One (if

1   not the only) director of CPC and its president is Mr. Strojnik's wife, Tanya C. Strojnik.
2   The Complaint names more than eight defendants that Plaintiff alleges violated the
3   Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by sending an
4   unsolicited facsimile (the "Fax") on or about May 28, 2008.  Some of the defendants are
5   companies mentioned in the allegedly unsolicited Fax.  Others are companies that
6   allegedly provided the telecommunications services underlying the transmission of the
7   alleged Fax.  Still others are private individuals, with limited or no connection to this
8   matter.  However, Plaintiff would have the Court believe that all of these defendants are
9   interchangeable.  While it would seem that the Complaint would detail at least some
10  specific acts of each of the named defendants, a close reading of the Complaint reveals
11  otherwise.  Rather, it is clear that Plaintiff has taken a shotgun approach to this litigation,
12  joining as many defendants as possible in hope that some of the allegations in the
13  Complaint will stick.

14      This is especially true with respect to Ms. Pasternack.[1]  Ms. Pasternack, a resident
15  of Pennsylvania, is the wife of Adam Pasternack, another named Defendant.  The
16  Complaint alleges (albeit with no support) that Adam Pasternack is the Chief Executive
17  Officer of Defendant DigitalSpeed Communications, Inc. as well as the alter ego of both
18  DigitalSpeed Communications, Inc. and another Defendant, namely, Innovative
19  Communications, Inc.  Compl. ¶¶ 22-24.  Ms. Pasternack, however, is not an owner,
20  director, officer, agent, or employee of any of the other named corporate defendants in
21  this action, nor is she an agent or employee of her husband, as the attached declaration
22  demonstrates.  *See* Declaration of Alla Pasternack ("A Pasternack Decl.") at ¶¶ 4-6,
23  attached hereto as Exh. A.  Other than through her marriage to Adam Pasternack, there is
24  no connection between her and any of the named defendants.  In fact, there are absolutely
25  no allegations in the Complaint that Ms. Pasternack participated in the transmission of the

---

[1] Ms. Pasternack's correct, first name – Alla – is never mentioned in the Complaint or Summons. Rather Ms. Pasternack is identified as "Jane Doe Pasternack" in the caption of the Complaint, and nowhere else. "Jane Doe Hatley" in paragraph 9 of the Complaint, is described as the wife of Adam Pasternack, but also is not referenced in any other location in the Complaint.

- 2 -

Fax. Rather, Plaintiff attempts to implicate Ms. Pasternack simply by lumping her in generally with all the other defendants allegedly involved in the sending of the Fax. *See, e.g.,* Compl. ¶ 17 ("Defendants broadcasted the Exhibit 1 Fax to named Plaintiff and the members of the Class on or about May 28, 2008 in violation of the TCPA.") Indeed, Plaintiff neither alleges any specific facts to support Ms. Pasternack's alleged involvement in the sending of the Fax, nor does Plaintiff allege any facts to support personal jurisdiction over Ms. Pasternack in Arizona.

This Complaint must be dismissed for two independent reasons:

- As an initial matter, this Court cannot exercise personal jurisdiction over Ms. Pasternack. She lacks contacts with Arizona sufficient for this Court to exercise jurisdiction over her without offending due process.

- Throughout its Complaint, Plaintiff fails to distinguish among the various defendants and simply alleges facts and counts against "Defendants" without differentiating among them as to the role, if any, each defendant (allegedly) had. Indeed, Plaintiff's allegations in the Complaint, both in general and specifically so far as Ms. Pasternack is concerned, are impermissibly pled with a "formulaic recitation of the elements of a cause of action" which does not suffice under the Supreme Court's application of Rule 8 in *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).

- The facsimile that Plaintiff alleges violated the TCPA and that was attached to the Complaint does not constitute an "advertisement" within the meaning of the TCPA.

- On its face, the Complaint does not properly plead a sustainable class action in that the class is inadequately represented by Consumer Protection Corporation as lead plaintiff and Peter Strojnik, as counsel for Plaintiff, due to the (i) appearance of impropriety by Peter in representing CPC in violation of Fed. R. Civ. P. 23(a)(4); (ii) the conflict of interest between Strojnik and CPC in that Peter's wife Tonya is the President of CPC; and (iii) the dual loyalties between Peter and Tonya as husband and wife, all of which precludes Peter from acting as class counsel and/or CPC acting as lead plaintiff.

## II.     STATEMENT OF FACTS

Defendant Alla Pasternack is a resident of Pennsylvania. Compl. ¶ 9. Ms. Pasternack is the wife of Defendant Adam Pasternack. Compl. ¶ 9. Ms. Pasternack is not an owner, director, agent, or employee of any of the named corporate or individual

defendants, including her husband.  A. Pasternack Decl. ¶¶ 6-7.  Ms. Pasternack does not live in Arizona, conduct business in Arizona, maintain assets in Arizona, own any property in Arizona, or send unsolicited faxes to Arizona.  A. Pasternack Decl. ¶¶ 3, 8.

CPC is an Arizona corporation created by its incorporator Peter Strojnik, who also is acting as counsel for Plaintiff CPC in this action.  *See* CPC Articles of Incorporation and Certificate of Disclosure, attached hereto as Ex. B.  According to CPC's Articles of Incorporation and Certificate of Disclosure, Tanya C. Strojnik, Peter Strojnik's wife, is the sole director of CPC.  *Id.*  The address listed on CPC's Articles of Incorporation is identical to that used for the Law Firm of Peter Strojnik.  Compl. at 1; Exh. B – CPC Articles of Incorporation at 1.  The Certificate of Disclosure was signed by Peter Strojnik as the incorporator for CPC on June 30, 2008.  *Id.*

## III.  LEGAL ARGUMENT

### A.  The Complaint Should be Dismissed Against Alla Pasternack for Lack of Personal Jurisdiction

A federal court applies the personal jurisdiction rules of the forum state.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Arizona's long-arm statute permits exercise of personal jurisdiction "to the maximum extent permitted by the [Arizona] Constitution . . . and the Constitution of the United States."  Ariz. R. Civ. P. 4.2(a).  Because the limits of Arizona's statute are co-extensive with those of due process, the Court must determine whether Arizona may constitutionally assert jurisdiction over Ms. Pasternack.  *Batton v. Tennesee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987); *Armstrong v. Aramco Services Co.*, 155 Ariz. 345, 348, 746 P.2d 917, 920 (Ariz. Ct. App. 1987).

Courts may assert either general or specific jurisdiction over defendants.  *Id.*  The former is available only where the defendant "has 'substantial' or 'continuous and systematic' contacts with the forum state."  *Id.* (*citing Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984)).  In contrast, a court may exercise specific jurisdiction over a foreign defendant if its less substantial contacts with the forum give rise to the cause of

- 4 -

1  action before the court. *Id.* at 271 (holding that whether specific jurisdiction exists
2  depends on whether "the defendant's conduct and connection with the forum State are
3  such that he should reasonably anticipate being haled into court there.") (*citing World-*
4  *Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

5  As the party seeking to establish jurisdiction, Plaintiff bears the burden of
6  establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)
7  ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is
8  obligated to come forward with facts, by affidavit or otherwise, supporting personal
9  jurisdiction.") (*internal quotations omitted*). Plaintiff has failed to allege sufficient facts
10  to indicate that Ms. Pasternack is subject to personal jurisdiction in Arizona. In fact, Ms.
11  Pasternack lacks such contacts and no Arizona court can exercise general or specific
12  jurisdiction over her without offending due process.

13          1.    **The Exercise of General Jurisdiction is Inappropriate**

14  "The level of contact required to show general jurisdiction is quite high," *Williams*
15  *v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 283 (Ariz. 2000), and "requires that the
16  defendant's contacts be of the sort that approximate physical presence." *Bancroft &*
17  *Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal
18  quotations omitted). For a court to exercise general jurisdiction over a defendant, the
19  court must find that the defendant's contacts with the forum state are "substantial" or
20  "continuous and systematic." *Id.* (*citing Helicopteros*, 466 U.S. at 415). In addition, the
21  defendant must "have sufficient minimum contacts with the forum such that exercising
22  jurisdiction does not offend traditional notions of fair play and substantial justice."
23  *Armstrong*, 155 Ariz. at 350, 746 P.2d at 922.

24  The Complaint makes a feeble attempt to allege general jurisdiction over
25  Defendants by grouping them with the other seven defendants and alleging that "[u]pon
26  information and belief, Defendants continuously and systematically sent unsolicited faxes
27  to the state of Arizona." Compl. ¶ 11.d. However, no support is provided for this
28  conclusory allegation and only a single facsimile has been attached to the Complaint.

1  Ms. Pasternack has no contacts with Arizona and thus no grounds exist for the
2  exercise of general jurisdiction.  Ms. Pasternack does not live in Arizona, visit there
3  regularly, conduct business in Arizona, pay taxes in Arizona, maintain bank accounts in
4  Arizona, or own property in Arizona.  A. Pasternack Decl. ¶ 3.  As such, this Court should
5  refrain from exercising general jurisdiction over Ms. Pasternack.  *Armstrong*, 155 Ariz. at
6  350.

### 2.  **The Exercise of Specific Jurisdiction is Inappropriate**

8  When a defendant's activities in the forum state do not subject it to general
9  jurisdiction, the court may still exercise specific jurisdiction over a defendant if "(1) the
10 defendant purposefully directs its activities, or consummates some transaction with the
11 forum state, such that it purposely avails itself of the privilege of conducting business in
12 the forum state; (2) the plaintiff's claim arises out of or relates to the defendant's activities
13 in the forum; and (3) the exercise of jurisdiction in the forum state is reasonable."
14 *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  Although specific jurisdiction may
15 arise without the defendant ever being physically present in the forum state, "it does not
16 arise from the plaintiff's or a third party's unilateral activity." *Williams*, 199 Ariz. at 3
17 (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295 (1980)).

18 This Court lacks personal jurisdiction over Defendants as none of the three
19 requirements for specific jurisdiction described above are met or even alleged.  With
20 respect to the first requirement, the Ninth Circuit utilizes a three part "effects test" as the
21 test for "purposeful availment" in tort cases.  *Menken*, 503 F.3d. at 1058.   There are three
22 elements to the effects test: "the defendant allegedly must have (1) committed an
23 intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant
24 knows is likely to be suffered in the forum state."  *Id.*  Plaintiff's allegations with respect
25 to Ms. Pasternack do not satisfy the "effects test" because the Complaint fails to allege
26 that any intentional action taken by Ms. Pasternack that was aimed at Arizona   Rather, the
27 Complaint contains only conclusory allegations in which all defendants are grouped
28 together.  Compl. ¶ 11.a  ("Defendants caused at least one unsolicited fax to be sent to at

- 6 -

least one recipient in the State of Arizona.") Ms. Pasternack is a private citizen residing in Pennsylvania, and has no contacts with Arizona. Not only did Ms. Pasternack not *purposefully* create contacts with Arizona, no such contacts exist, nor are any specific contacts alleged in the Complaint. Ms. Pasternack does not own, operate, work for, or provide services to any of the other companies or individuals named in the lawsuit. A. Pasternack Decl. ¶ 6. Ms Pasternack was not involved in the creation or transmission of the unsolicited Fax alleged in the Complaint, nor does the Complaint specifically allege that she was. *See, e.g.,* A. Pasternack Decl. ¶ 8. Simply put, Ms. Pasternack has no connection with Arizona or with any of the allegations made by Plaintiff in the Complaint. For the same reasons, the second requirement for the Court to exercise personal jurisdiction over Ms. Pasternack is not met; Plaintiff fails to allege sufficient facts to suggest that its claim "arises out of or relates to" Ms. Pasternack's (non-existent) contacts with Arizona because none exist.

Ultimately, the sole basis for the assertion of jurisdiction over Ms. Pasternack is Plaintiff's conclusory allegation that "Defendants caused at least one unsolicited fax to be sent to at least one recipient in the state of Arizona" is too vague to provide for jurisdiction over Defendants. Compl. ¶ 11.a. Another District Court in this circuit, when faced with a nearly identical pleading, found the pleading inadequate and dismissed the Complaint for lack of jurisdiction with respect to the defendant. In *Kirsch v. Cuadra*, 2005 U.S. Dist. LEXIS 25386 (N. Cal. 2005), the Court found that:

> Starting with Plaintiff's Complaint, as the excerpt set forth above illustrates,[2] Plaintiff has not made any allegations as to Defendant Ross's conduct, specifically. Rather, Plaintiff alleges that the defendants, generally, violated the [TCPA] by sending 18 faxes to him containing unsolicited advertisements. These conclusory statements . . . are insufficient to sustain a finding that Defendant Ross either purposefully availed himself of the privilege of conducting activities in California, or committed an intentional act aimed at California.

---

[2] In *Kirsh*, plaintiff's Complaint simply stated "Defendants sent eighteen such facsimiles to a facsimile line owned by plaintiff." *Kirsh*, 2005 U.S. Dist LEXIS 25386, at *10.

- 7 -

*Kirsch*, 2005 U.S. Dist. LEXIS 25386 at *20-21 (internal citations omitted).[3] Here, as in *Kirsch*, Plaintiff "fails to identify any conduct by [the Defendant] that would support a finding that [the Defendant] had the requisite minimum contacts with [the forum state]." *Id.* at *21.

Finally, the third part of the specific jurisdiction test requires that the exercise of jurisdiction be reasonable. "For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters*, 223 F.3d at 1088 (citing *Burger King Corp. v.* Rudzewicz, 471 U.S. 462, 476 (1985)). Specifically, the "reasonableness" determination requires the consideration of several factors:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters*, 223 F.3d at 1088.

Here, Plaintiff cannot make the required showing that the exercise of specific jurisdiction over Ms. Pasternack in Arizona would be reasonable. First, Ms. Pasternack has not injected herself into Arizona, purposefully or otherwise. A. Pasternack Decl. ¶ 3. Second, defending a lawsuit across the country and three time zones away would place a significant legal and financial burden upon Ms. Pasternack. Third, assertion of personal jurisdiction by a court in Arizona over a citizen of Pennsylvania with no ties to the forum state greatly offends the sovereignty of Pennsylvania. Fourth, Arizona's interest in adjudicating this dispute is minor – nothing in the record indicates that Arizona's citizens were uniquely targeted to receive the alleged Fax and other forums are more convenient for the Defendant. Fifth, there is no reason to believe that this dispute could not be

---

[3] In *dictum*, *Kirsh* stated that the "conclusory statements" satisfied FRCP8(a). *Id.* at *20-21. It is to be noted, however, that *Kirsh* was decided before the Supreme Court's decision in *Twombly,* which is discussed below.

1 adequately handled by the Pennsylvania courts, particularly given that Defendant Adam
2 Pasternack, Defendant DigitalSpeed Communications, Inc., and Defendant Innovative
3 Communications, Inc. are all located in that state.  Finally, Plaintiff has made no showing
4 that having its claims resolved in Arizona is important to the Plaintiff's interests.  Clearly,
5 the great weight of the factors listed above suggests that the exercise of personal
6 jurisdiction by this Court over Ms. Pasternack would not comport with the principles of
7 "fair play" and substantial justice" established by the Supreme Court in *Burger King*.  *See*
8 *Burger King*, 471 U.S. at 476.

### B. Plaintiff's Complaint Should be Dismissed for Failure to Properly Plead Claims Under Fed. R. Civ. P. 8(a)

#### 1. Plaintiff Fails To Adequately Specify How Ms. Pasternack Participated in the Alleged Wrongs.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must set forth "a short and plain statement of the claim . . .."  It is proper to dismiss a complaint that fails to comply with Rule 8(a).  *See*, *e.g.*, *Bell Atl. Corp.*, 127 S.Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do"); *Lory v. Ryan,* 2008 WL 4630306 (D.Ariz.) (applying *Twombly*); *Closterman v. Johnson*, 1992 WL 220683 (D. Or. 1992); s*ee also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal under FRCP 8 of complaint that was "confusing and conclusory").

In *Closterman*, the court dismissed the complaint for failure to comply with Rule 8 because, in part, the complaint "did not separately state [plaintiff's] claims for relief or adequately specify how each named defendant participated in the alleged wrongs." *Id.* at *1.  The instant case is one of nearly a half-dozen that Consumer Protection Corp. or Peter Strojnik have brought against dozens of companies in which Plaintiff recites the formulaic

1   elements of a TCPA claim.[4]  Here, the Complaint is 15 pages long and its recitations are
2   disjointed, confusing and, most importantly, non-specific as to Defendants.  Throughout,
3   Plaintiff refers collectively to "Defendants" in reference to the six individually named
4   parties and numerous unnamed parties without specifying how the allegations apply to
5   any particular defendant.  Compl. ¶ 1-10. For example, Plaintiff's Count 1 asserts, in
6   conclusory fashion, that "Defendants violated the Telephone Consumer Protection Act of
7   1991, and the Junk Fax Prevention Act of 2005 ("TCPA") 47 U.S.C. § 227, et seq. . . . by
8   broadcasting the Exhibit 1 Fax to Plaintiff and the Class" (Compl. ¶ 52) without reciting
9   either in the factual background portion of the Complaint or elsewhere any facts that
10  would "adequately specify how each named defendant participated in the alleged
11  wrongs." *Closterman*, *supra.* [5]  Indeed, other than identifying Defendants, the Complaint
12  is nearly silent as to any specific role that Defendants had in violating the Act.

13  In addition, Plaintiff makes numerous references to subsets of defendants, making
14  it impossible to determine any precise acts alleged against any particular defendant.  *See,*
15  *e.g.,* Compl. ¶¶ 17; Compl ¶ 52.  For example, Plaintiff alleges that "Defendants
16  broadcasted the Exhibit 1 Fax to Named Plaintiff" (Compl. ¶ 17) and then suggests that
17  "Defendants took advantage of the market manipulation," (Compl. ¶ 37) completely
18  ignoring the fact that some of the named defendants are private individuals, some are
19  publicly traded organizations, and still others are privately-owned telecommunications
20  companies.  Most significantly for present purposes, the Complaint does not specifically
21  tie Ms. Pasternack to any of these allegations beyond the fact that she is married to one of
22  the other defendants.

23  The same is true with regard to the allegations of Conspiracy and Aiding and

---

[4] *Peter Strojnik, P.C. v. The Energy Bull, et al.*, No. 2:08-cv-1017-PHX-ROS (D. Ariz, filed Jun. 2, 2008); *Peter Strojnik, P.C. v. Signalife, Inc., et al.*, No. 2:08-cv-1116-PHX-FJM (D. Ariz, filed Jun. 16, 2008); *Consumer Protection Corp. v. Stock RX,* No. CV-08-1853-PHX-ROS (D. Ariz, filed Sep. 3, 2008); *Consumer Protection Corp. v. Radisson Hotels Int'l, Inc.*, No. CV2008-018530 (Maricopa Cnty. D., filed Sep. 9, 2008); *Consumer Protection Corp. v. Hot Stocks on the Street*, No. CV2008-021681 (Maricopa Cnty D., filed Jun. 9, 2008).

[5] Count 2 for Declaratory Judgment is similarly conclusory and inadequate in failing to particularize the acts of each individual defendant.

- 10 -

Abetting (Counts 3 and 4). Counts 3 and 4 are utterly void of any allegations specific to Ms. Pasternack. Instead, these counts are pled in a conclusory fashion, and again do not allege how or when Ms. Pasternack conspired with or aided or abetted anyone.

In short, the allegations in all four counts of the Complaint against Ms. Pasternak are merely "a formulaic recitation of the elements of a cause of action" and do not suffice under *Twombly, supra.* Accordingly, the Complaint should be dismissed as to them.

2. **Plaintiff's Motion Fails To Adequately Allege Ms. Pasternack is the "Alter Ego" of Innovative Communications or DigitalSpeed Communications.**

Plaintiff seeks to hale Ms. Pasternack before this Court by virtue of her marriage to Defendant Adam Pasternack and his alleged status as the "alter ego" of Innovative Communications and DigitalSpeed Communications. Compl. ¶ 8-9. However, Plaintiff fails to provide sufficient support to for these allegations, relying on the bare statement that "Pasternack is the alter ego of Digital[S]peed Communications … [and] Innovative Communications." Compl. ¶ 23-24. Such statements are insufficient to maintain a claim against an individual defendant on an alter ego theory. *Skydive Ariz., Inc. v. Quattrochi*, 2006 U.S. Dist. LEXIS 63299, 2006-2 Trade Cas. (CCH) P75430 (D. Ariz. Aug. 22, 2006) ("Complaint, without explanation, alleges that each of the Corporate Defendants named in the Complaint are alleged to be the alter ego of the Individual Defendants") "Conclusory allegations of alter ego status will not survive a motion to dismiss." *Maganallez v. Hilltop Lending Corp.*, 505 F.Supp.2d 594, 607 (N.D. Cal. 2007); *see also Med. Supply Chain, Inc. v. Gen. Elec. Co.*, 144 Fed. Appx. 708, 713 (10th Cir. 2005) (affirming ruling that complaint failed to adequately plead alter ego claim because it lacked any "factual allegations to support these conclusory statements."); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (affirming dismissal of alter ego claim because the pleadings were "devoid of any specific facts or circumstances supporting this assertion."). Plaintiff provides **only** conclusory allegations of Mr. Pasternack's status as an "alter ego" of DigitalSpeed and Innovative and completely fails

- 11 -

to allege any type of "alter ego" status for Ms. Pasternack, and as such these allegations must be dismissed.

### C. **Plaintiff's TCPA Claim Fails as a Matter of Law**

Even with the formulaic attempt to plead a TCPA claim, Plaintiff's Complaint fails to plead all of the necessary elements to state a claim for an alleged violation of the Telephone Consumer Protection Act. To prevail on a claim under the TCPA, a plaintiff must show that the defendant: (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement. *Hinman v. M & M Rental Ctr., Inc.,* 545 F.Supp.2d 802, 805 (N.D. Ill. 2008); 47 U.S.C. § 227(b)(1)(C). Here, the fax that is attached to Plaintiff's Complaint is not an "unsolicited advertisement" as the Act defines that term, and thus the Complaint must be dismissed.[6]

The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without the person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5) (2005).  Therefore, the Fax at issue only violated the TCPA if it was "advertising the commercial availability or quality of any property, good or services."  Here, Plaintiff does not allege (nor does the Fax contain) any language advertising the commercial availability or quality of PlayBox Inc. or any other "property, good, or service."  Rather, Plaintiff alleges that the purpose of the Exhibit 1 Fax was to "manipulate the PYBX stock as to both value and volume."  Compl. ¶ 36.  Indeed, the fax contains stock information, including a rating of "Strong Buy", price predictions, and even states that "at this price, a few hundred shares could yield a tasty gain."  Compl., Exh. 1 (emphasis omitted).

Accordingly, the TCPA cause of action should be dismissed because the Fax is not

---

[6] When ruling on a motion to dismiss, the Court may generally consider allegations contained in the pleadings, exhibits attached to the complaint, and other matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

- 12 -

an "unsolicited advertisement" for a "property, good, or services" but rather purports to be financial advice to buy a stock – though critically, the sender of the fax is neither selling the stock nor financial advice. *See Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst.*, 2006 U.S. Dist. LEXIS 42552 (W.D. Mo. June 23, 2006) *aff'd* 222 Fed. Appx. 530, 530-31 (8th Cir. 2007) (dismissing claim when facsimile sent contained information about diabetes and announced a free clinical research trial); *Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp.2d 851 (N.D. Ill. 2007) (holding that a facsimile offering $200 for participation in a research study did not violate the TCPA because the research study did not constitute a "commercially available service"); *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax announcing existence of job openings does not advertise commercial availability of goods, property or services).

### D. Plaintiff's Class Action Claims Should Be Dismissed

Plaintiff's class action claims should be dismissed because *prima facie* with Peter Strojnik as its attorney, Consumer Protection Corporation cannot fairly and adequately protect the interests of any purported class. Under Rule 23(a) of the Federal Rules of Civil Procedure, there are four preliminary requirements which must be met before an action may be maintained on behalf of a class. It is premature to assess some of these elements. However, for purposes of the present motion, it is clear that Plaintiff will not must be able to meet the requirement in Rule 23 that Plaintiff will "fairly and adequately protect the interests of the class."

In this lawsuit, Consumer Protection Corporation is the lead, and indeed only, plaintiff. However, Consumer Protection Corporation was incorporated by Peter Strojnik, counsel for Plaintiff, and Peter Strojnik's wife, Tanya C. Strojnik, is CPC's president and sole director. *See* Exh. B – CPC Articles of Incorporation and Certificate of Disclosure. Because of the obvious connections between Consumer Protection Corporation, Peter and Tanya Strojnik, Peter Strojnik can not act as counsel for Plaintiff, because his financial interest in attorney's fees that may be generated by this lawsuit creates an impermissible

1  appearance of impropriety and conflict of interest that disqualifies him and Consumer
2  Protection Corporation from acting jointly in this suit.
3        Specifically, Peter Strojnik impermissibly stands to gain financially from an award
4  of attorney's fees made out of this class action (should it ever be certified) led by a
5  corporation that he formed and for which his wife is an officer and director. *Phillips v.*
6  *Joint Legislative Committee*, 637 F.2d 1014, 1023-24 (5th Cir.1981) ("[T]he cause for
7  concern is that the class representative may be too generous with the class's money in
8  granting a fee to his own partner or spouse."); *Apple Computer Inc. v. Superior Court of*
9  *L.A. County*, 126 Cal.App. 4th 1253 (Cal. App. 2005) ("An attorney generally may not
10 serve as both class representative and counsel for the class. The concern is that there
11 would be an irreconcilable conflict of interest because the attorney might stand to gain
12 much more in fees than any class member's individual recovery"); *Bradburn*
13 *Parent/Teacher Store, Inc. v. 3M,* 2004 U.S.. Dist. LEXIS 16193 (E.D. P.A. 2004) ("Most
14 courts have also found a class representative inadequate where that class representative
15 maintained a financial interest in an award of attorney's fees to the class counsel.").
16 Indeed, the spousal relationship between lead counsel and lead plaintiff creates an
17 unavoidable conflict.  The Fifth Circuit has gone so far as to adopt a "*per se* rule … that
18 an attorney who is the partner or spouse of a named class representative is disqualified
19 from acting as counsel for the class." *Phillips*, 637 F.2d at 1270.  The Eighth Circuit has
20 taken a similar stance, although it has not formally adopted a *per se* rule.  *Petrovic v.*
21 *Amoco Oil Company*, 200 F.3d 11400 (8th Cir. 1999) ("In situations where there is a close
22 familial bond between a class counsel and a class representative, it seems to us that there
23 is a clear danger that the representative may have some interests in conflict with the best
24 interests of the class as a whole when making decisions that could have an impact on
25 attorney fees.").
26     Here, the husband-wife relationship between Peter Strojnik and Tonya Strojnik, as
27 well as Mr. Strojnik's involvement in the creation of Consumer Protection Corporation,
28 constitutes a clear conflict of interest between him, Consumer Protection Corporation, and

- 14 -

1  the rest of the class.  Indeed, it is clear that Consumer Protection Corporation exists for the
2  sole purpose of generating lawsuits for Mr. Strojnik's law firm to prosecute, according to
3  both CPC's Articles of Incorporation and Strojnik himself.  Exh. B - CPC Articles of
4  Incorporation ("The initial business of the corporation will be the protection of consumers
5  … through litigation"); Letter from Peter Strojnik to Steven Augustino dated November 7,
6  2008, at p. 6 attached hereto as Ex. C ("[My] Client is motivated to settle so that it may
7  refocus its resources on other TCPA cases").   Consumer Protection Corporation, with
8  Peter Strojnik acting as counsel, has filed at least five different lawsuits just against the
9  Telecommunications Defendants and seeking damages from numerous plaintiffs for
10 facsimiles similar to that at issue in this case.[7]  In some of these lawsuits, Mr. Strojnik
11 filed suit on behalf of his firm; in others, he represents Consumer Protection Corporation.
12 All the lawsuits share the same underlying complaint that defendants violated the TCPA.
13       That obtaining attorney's fees is the ultimate goal of the Consumer Protection
14 Corporation and Mr. Strojnik is made clear in Mr. Strojnik's correspondence with counsel
15 for DigitalSpeed.  By letter dated November 7, 2008 and relating to all the cases filed on
16 behalf of the Consumer Protection Corporation and Mr. Strojnik's firm against the
17 Telecommunications Defendants, **Mr. Strojnik demanded $750,000 in attorney's fees**
18 **as a condition of settlement.**  See Exh. C - Strojnik Letter at 6 (plaintiff's calculation of
19 defendant's exposure).[8]  According to Strojnik, these fees, will be dedicated to ensuring
20 "[Consumer Protection Corporation's] continued financial ability to prosecute TCPA
21 offenders," presumably by continuing to employ Mr. Strojnik as lead counsel.  Thus, it is

---

[7] *See* n.4, *supra*.  Strojnik, his firm and/or CPC has filed even more lawsuits similar to the ones against the Telecommunications Defendants.  *See, e.g., Peter Strojnik, P.C. v. Signalife, Inc., et al.*, No. 2:08-cv-1116-PHX-FJM (D. Ariz, filed Jun. 16, 2008); *Consumer Protection Corp. v. Stock RX,* No. CV-08-1853-PHX-ROS (D. Ariz, filed Sep. 3, 2008).

[8] Plaintiff's letter is admissible under Rule 408(b) because it is offered for motive and is not offered for any of the purposes prohibited under FRE 408(a).  *See Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (holding that because defendant introduced settlement letter as evidence to prove motive rather than liability, Rule 408 did not render evidence inadmissible); *see also Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) (allowing evidence from settlement because the evidence was not offered to establish the amount of liability, but merely to indicate Plaintiff's assessment of the value of a trademark).

- 15 -

manifest that Consumer Protection Corporation's (and the Strojnik's firm's) real agenda is to ensure a steady stream of work and attorney's fees for Peter Strojnik, and continued income for the Strojnik family (*i.e.,* including Tanya Strojnik as an officer and director of CPC) – a result clearly in conflict with the interests of the class as a whole, and grounds even at this early stage for dismissal of the class action portion of this suit as it is currently brought since it clearly does not comport with the requirement under FRCP 23 that the plaintiff must be able to "fairly and adequately protect the interests of the class."

## IV. CONCLUSION

For the reasons stated above, Defendant Alla Pasternack respectfully requests that this Court dismiss the Complaint.

DATED this 3rd day of December, 2008.

SNELL & WILMER L.L.P.

By s/Jason S. Vanacour
Jason S. Vanacour
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and mailed a copy via U.S. Mail to the following:

Peter Strojnik
3030 North Central Ave., Sutie 1401
Phoenix, AZ 85012
Attorney for Plaintiff

Troy A. Wallin
Jason P. Thayn
Wallin Harrison PLC
1425 South Higley Rd., Suite 104
Gilbert, Arizona 85296
Attorney for Defendant
Playbox (US), Inc.

s/ Jason S. Vanacour

9323610.1