Jason S. Vanacour (#022738)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6369
Facsimile: (602) 382-6070
jvanacour@swlaw.com
Attorney for Alla Pasternack
aka Jane Doe Pasternack

FOR UNITED STATES DISTRICT COURT

THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> HOT STOCKS ON THE STREET, et *al.* <br><br> Defendants. | No. CV-08-2211-PHX-MHM <br><br> **JANE DOE PASTERNACK AKA ALLA PASTERNACK'S REPLY TO OPPOSITION TO MOTION TO DISMISS** <br><br> **(oral argument requested)** |

Defendant Alla Pasternack, by and through undersigned counsel, respectfully submits this Reply to Plaintiff's Opposition to Defendant Alla Pasternack's Motion to Dismiss. Despite Plaintiff's inflammatory language and unsupported allegations, Plaintiff has failed to meet its burden to establish personal jurisdiction over Ms. Pasternack. Furthermore, Plaintiff has failed to adequately support its claims that the facsimile allegedly sent to Plaintiff ("the Fax") constitutes an advertisement within the meaning of the Telephone Consumer Protection Act ("TCPA"). Finally, the Court should dismiss the Plaintiff's class action claims because Plaintiff and Plaintiff's counsel cannot fairly represent the interests of the class.

For purposes of convenience and to conserve the Court's time and resources, Ms. Pasternack hereby adopts and incorporates Sections II and III of Defendant DigitalSpeed's Reply To Plaintiff's Opposition To DigitalSpeed's Motion To Dismiss. *See* Reply To Opposition To Motion To Dismiss (filed Jan. 21, 2009); Local Rule 7.d.2. The arguments

- 1 -

contained therein regarding the failure of Plaintiff (i) to properly plead a cause of action under the TCPA and (ii) inability to sustain at class action at this juncture because of the conflicts of interest relating to Plaintiff and Plaintiff's counsel, are equally applicable to Ms. Pasternack and support dismissal of the Complaint as to her. Furthermore, to the extent that Plaintiff concedes that personal jurisdiction over Ms. Pasternack is dependent upon the Court's exercise of personal jurisdiction over Defendant Adam Pasternack, Ms. Pasternack incorporates Adam Pasternack's Motion to Dismiss and Reply to Plaintiff's Opposition to Adam Pasternack's Motion to Dismiss into this reply.

## I. PLAINTIFF FAILS TO PROVIDE ANY EVIDENCE SUFFICIENT TO ALLOW THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER MS. PASTERNACK

Plaintiff's Opposition to Ms. Pasternack's Motion to Dismiss essentially concedes that Ms. Pasternack took no actions that could subject her to personal jurisdiction in Arizona. Rather, Plaintiff points to A.R.S. § 25-215, which requires that in an action on a debt or obligation, spouses must be sued jointly. However, Plaintiff fails to provide any explanation as to how this statute authorizes jurisdiction over Ms. Pasternack.

The limits of Arizona's long-arm statute are co-extensive with those of the Constitution's due process requirement. *See Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987); Ariz. R. Civ. P. 4.2(a) ("A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."). As such, A.R.S. §26-215 cannot authorize jurisdiction over an individual over whom jurisdiction could not otherwise be exercised in compliance with the due process clause. Plaintiff, therefore, must still demonstrate that the exercise of personal jurisdiction over Ms. Pasternack is proper; Plaintiff cannot simply rely on the statute.

Plaintiff's sole support for its claims of personal jurisdiction are allegations in its Opposition that Mr. Pasternack acted as the marital agent for Ms. Pasternack. Opp. at 3. However, Plaintiff provides no support for this statement, and it is in direct contradiction

- 2 -

of Ms. Pasternack's declaration that she is not associated professionally with Mr. Pasternack or any of the other defendants. Mot. to Dismiss, Ex. A – Alla Pasternack Decl. ¶¶ 6-7. Furthermore, the cases cited by Plaintiff contradict any assertion that the Pasternacks' marriage alone provides support for this Court's exercise of personal jurisdiction over Ms. Pasternack. In one case cited by Plaintiff, *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), the Ninth Circuit held in a business context that "a partner's actions may be imputed to the partnership for the purpose of establishing minimum contacts, but ordinarily may not be imputed to the other partners." *Sher*, 911 F.2d at 1366. It further held that "[r]egardless of [any potential] joint liability, jurisdiction over each defendant must be established individually." *Id.* at 1365; *see also Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("the parties' relationships with each other may be significant in evaluating their ties to the forum. The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction.") Plaintiff utterly fails to provide any facts to support personal jurisdiction over Ms. Pasternack, and Mr. Pasternack's actions cannot be used to subject Ms. Pasternack to personal jurisdiction in Arizona. Accordingly, the Court should dismiss Ms. Pasternack from the case.[1]

A conflict-of-law analysis also indicates that A.R.S. § 25-215(d) cannot authorize jurisdiction over Ms. Pasternack because that statutory provision is inapplicable to citizens of Pennsylvania. A.R.S. § 25-215(d) governs the property rights of a married couple in Arizona, a community property state. *Best Western Int'l, Inc. v. Doe*, 2007 WL 2410341, at 2 (D. Ariz. 2007) (identifying Arizona as a community property state). However, "the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile at the time of the acquisition of the property." *Lorenz-Auxier Fin. Group, Inc. v.*

---

[1] Plaintiff also inexplicably cites to a Delaware case for the proposition that an act by an agent can subject a principal to jurisdiction through either an "alter ego" or "agency" theory. *E.I. duPont de Nemours & Co. v. Rhodia Fiber and Resin Intermediaries, S.A.S.*, 197 F.R.D. 12, 122 (D. Del. 2000). However, the spousal relationship is not analogous to a corporate parent-subsidiary relationship at issue in *E.I. duPont*. Furthermore, Ms. Pasternack, an individual, certainly cannot be the "alter ego" of Mr. Pasternack, another individual, and the record directly contradicts any assertions that Mr. Pasternack acted as an agent of Ms. Pasternack's in any way, let alone in a manner that would subject her to personal jurisdiction. Alla Pasternack Oct. 28 Decl. ¶¶ 3-7.

1 *Bidewell*, 772 P.2d 41, 43 (Ariz.Ct.App. 1989). Ms. Pasternack and her husband are long
2 time residents of Pennsylvania (Mot. to Dismiss, Ex. A – Alla Pasternack Decl. ¶ 5), and
3 Pennsylvania is not a community property state. *Fratangelo v. Fratangelo*, 360 Pa. Super.
4 487, 498 (Pa. Super. Ct. 1987) ("Marital property [in Pennsylvania] is not property that is
5 thrown into the pot to be divided equally as in community property states, but property
6 impressed with equitable consideration which must be evaluated before apportionment is
7 considered."). Indeed, the Pennsylvania Supreme Court has found "community property"
8 statutes such as Arizona's to violate Pennsylvania public policy. *Everson v. Everson*, 494
9 Pa. 348, 360 (Pa. 1981). Furthermore, Mr. and Ms. Pasternack have not acquired any
10 property while living in any community property states. Mot. to Dismiss, Ex. A – Alla
11 Pasternack Decl. ¶ 5. As such, Arizona statutes regarding martial property are
12 inapplicable to Mr. and Mrs. Pasternack. *Cf. Best Western Int'l, Inc.*, 2007 WL 2410341
13 at 2 (only "[i]f the evidence ultimately shows that Defendants acquired community
14 property at some time in their marriage [in a community property state], there would
15 appear to be a marital community on behalf of which Defendants could act, potentially
16 giving rise to jurisdiction over their spouses.").

17 Finally, Plaintiff has not offered any evidence to support the allegations against
18 Ms. Pasternack. Rather, Plaintiff simply alleges that "Defendants broadcasted the Exhibit
19 1 Fax to Named Plaintiff." Compl. ¶ 24. "Mere allegations of the complaint, when
20 contradicted by affidavits, are not enough to confer personal jurisdiction of a nonresident
21 defendant. In such a case, facts, not mere allegations, must be the touchstone." *Taylor v.*
22 *Portland Paramount Co.*, 383 F.2d 634, 639 (9th Cir. 1967); Cummings v. Western *Trial*
23 *Lawyers Association*, 133 F. Supp.2d 1144 (D. Ariz. 2001) ("The mere allegations of a
24 complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction
25 over a non-resident defendant.") (citations omitted). "When a defendant moves to dismiss
26 for lack of personal jurisdiction, the Plaintiff is obligated to come forward with facts, by
27 affidavit or otherwise, supporting personal jurisdiction." *Cummings*, 133 F.Supp.2d at
28 1151. Ms. Pasternack has made clear in her Declarations before this Court that she has no

contacts with Arizona and no role in Adam Pasternack's business ventures, let alone in having anything to do with the alleged fax to Plaintiff. Mot., Ex. A – Alla Pasternack Decl. ¶¶ 3-7. Furthermore, Ms. Pasternack has made clear that she and Adam Pasternack neither hold property in a community property state nor have they acquired property while living in one. Mot., Ex. A – Alla Pasternack Decl. ¶ 5. Ms. Pasternack's sole connection to this case is her marriage to Mr. Pasternack, which is insufficient to warrant the exercise of personal jurisdiction over her. *See, e.g., Trio Realty, Inc. v. Eldorado Homes, Inc*., 350 F.Supp.2d 322, 333 (D. Puerto Rico 2004) (holding that the Court could not exercise jurisdiction over defendant's wife when "Plaintiff has made no allegations, presented no evidence, nor made any claims against [her.]").

## II.  CONCLUSION

For the foregoing reasons and those set forth in the Motion to Dismiss, Defendant Alla Pasternack respectfully requests that the Court dismiss her from the case.

DATED this 20th day of January, 2008.

SNELL & WILMER L.L.P.

By s/Jason S. Vanacour
Jason S. Vanacour
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202

- 5 -

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
3030 North Central Ave., Sutie 1401
Phoenix, AZ 85012
Attorney for Plaintiff

Troy A. Wallin
Jason P. Thayn
Wallin Harrison PLC
1425 South Higley Rd., Suite 104
Gilbert, Arizona 85296
Attorney for Defendant
Playbox (US), Inc.

s/ Jason S. Vanacour